E-FILED
Thursday, 09 April, 2026 02:04:18 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

WILLIE M. WILLIAMS, )
)
Plaintiff, )
)
v. )   25-1449
)
LATOYA HUGHES, *et al.* )
)
Defendants. )

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Pontiac Correctional Center,

filed this lawsuit pursuant to 42 U.S.C. § 1983. The matter comes before the Court for ruling on

Plaintiff's Petition to Proceed *in forma pauperis* (Doc. 2) and screening of Plaintiff's complaint

pursuant to 28 U.S.C. § 1915A.

**Plaintiff's Petition to Proceed *in forma pauperis* (Doc. 2)**

The *in forma pauperis* statute permits a district court to "authorize the commencement,

prosecution or defense of any suit, action or proceeding, civil or criminal…without prepayment

of fees or security therefor…" 28 U.S.C. § 1915. The statute also provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil
> proceeding under this section if the prisoner has, on 3 or more occasions, while
> incarcerated or detained in any facility, brought an action or appeal in a court of
> the United States that was dismissed on the grounds that it is frivolous, malicious,
> or fails to state a claim upon which relief may be granted, unless the prisoner is
> under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Courts commonly refer to § 1915(g) as the "three strikes rule." *See Sanders*

*v. Melvin*, 873 F.3d 957, 959 (7th Cir. 2017). The statute defines "prisoner" as "any person

incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or

adjudicated delinquent for, violations of criminal law or the terms and conditions of parole,

probation, pretrial release, or diversionary program." *Id.* § 1915(h). "[A] plaintiff's status as a 'prisoner' is to be determined as of the time he brought the lawsuit." *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002). If applicable, this subsection "does not preclude a prisoner from bringing suit in federal court entirely; rather, the prisoner may either prepay in full all filing fees or make a showing of imminent danger of serious physical injury … to proceed with a federal suit." *Isby v. Brown*, 856 F.3d 508, 520 (7th Cir. 2017).

Plaintiff's litigation history discloses that the Southern District of Illinois previously found that he had incurred three strikes pursuant to 28 U.S.C. § 1915(g) for cases that had been dismissed in the 1990s. *See Williams v. Capps*, No. 15-cv-708-JPG, ECF No. 5 (S.D. Ill., filed Jul. 23, 2015). The Court cannot simply accept the Southern District's findings regarding strikes because, as the Seventh Circuit held in *Hill v. Madison County, Illinois*, section 1915(g) requires the court applying the three-strikes rule to make its own determination on whether a dismissal counts as a strike. 983 F.3d 904, 906 (7th Cir. 2020). The Southern District's order does not disclose the allegations Plaintiff made in the cases it determined to count as strikes, and the pleadings in those cases are not available via PACER. The Court currently lacks sufficient information to find that § 1915(g) applies. Plaintiff's petition (Doc. 2) is therefore granted. The Court will reconsider its decision on this issue should additional information be presented.

### Screening of Plaintiff's Complaint

The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### *Allegations*

Plaintiff alleges that he was incarcerated at Pontiac Correctional Center. He alleges that the defendants worked at the facility in the following capacities: Defendant Nurse was the warden; Defendant Rambo was the healthcare unit administrator; and, Defendant Alford was a physician. Defendant Hughes was the IDOC Director, and Defendant Madole worked at the Administrative Review Board (ARB).

Plaintiff alleges that unidentified correctional officers refused to facilitate medical treatment for his complaints of severe pain, cramping, and blood in his urine that he attributed to lead and other contaminants in the prison's water. Once seen, Plaintiff alleges that Defendant Alford offered a digital rectal exam, which he declined because he did not believe that the exam would be helpful in diagnosing why he was urinating blood. Plaintiff alleges that he was later diagnosed at the hospital with bladder cancer that required a three-week inpatient hospital stay.

Plaintiff alleges he required another hospital visit related to pain resulting from his catheter. Plaintiff alleges that Defendant Alford refused to issue a permit for ice, told him he had to pay for bottled water himself, and did not conduct any follow-up examinations. Plaintiff also alleges that he did not receive adequate dental treatment.

### *Discussion*

Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To prevail, a plaintiff must show that the prison official

acted with deliberate indifference to a serious medical need. *Id.* at 105. Claims of negligence, medical malpractice, or disagreement with a prescribed course of treatment are not sufficient. *See Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc); *McDonald v. Hardy*, 821 F.3d 882, 888 (7th Cir. 2016). The parties do not dispute that Plaintiff suffered from an objectively serious medical need.

A prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official's subjective awareness of a risk "is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.* at 842. Courts defer to treatment decisions made by medical professionals unless the evidence shows that "no minimally competent professional would have so responded under those circumstances." *Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2008).

A treatment decision permits an inference that the medical provider acted with deliberate indifference only when the decision constitutes "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Petties*, 836 F.3d at 729 (internal quotations omitted). Persisting in a course of treatment known to be ineffective, failing to follow an existing protocol, delaying treatment without penological justification, and refusing to follow a specialist's recommendations may permit an inference that a medical professional failed to exercise the appropriate judgment. *Id.* at 729-30.

Plaintiff's allegations that officials sent him to the hospital on several occasions suggest only that medical staff and other prison officials had provided or facilitated medical treatment to some extent. Plaintiff's disagreement with the medical care provided is not sufficient to impose liability. *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011) ("[A]n inmate is not entitled to demand specific [medical] care."); *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (a mere disagreement with the course of treatment, standing alone, is not sufficient to attach constitutional liability). Nor can Plaintiff hold the officials he named as defendants responsible for the delay in receiving treatment he attributes to unidentified officials. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (no *respondeat superior* liability under § 1983); *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). Plaintiff does not allege how Defendants Hughes, Nurse, or Madole were personally involved in any failure to provide medical care, and, therefore, the Court finds that he fails to state a claim against these defendants.

Defendants Alford and Rambo were presumably responsible for different aspects of Plaintiff's treatment, but his allegations do not provide enough information for the Court to find that he states a claim. The digital rectal exam Defendant Alford offered to conduct was not so far afield of acceptable medical treatment as to permit an inference that he acted with deliberate indifference. *See* Hematuria, Cleveland Clinic, available at: https://my.clevelandclinic.org/health/diseases/15234-hematuria (last accessed Apr. 8, 2026) (indicating that a digital rectal exam is a common procedure to diagnose conditions that cause blood in urine). Plaintiff's allegations permit only the inference that Defendant Alford recommended care from an outside specialist, and Plaintiff has not provided sufficient

information about the care that Defendant Alford otherwise provided or the actions Defendant

Rambo took or did not take to state a claim for relief. The Court finds that Plaintiff fails to state a

claim upon which relief can be granted.

No plausible inference arises that the officials Plaintiff named as defendants were

responsible for the prison's water supply or associated issues. Plaintiff's complaints about dental

care are unrelated to his complaints about his medical treatment, and they require litigation in a

different lawsuit. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against

different defendants belong in different suits."); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir.

2017) ("[D]istrict courts should not allow inmates to flout the rules for joining claims and

defendants…or to circumvent the Prison Litigation Reform Act's fee requirements by combining

multiple lawsuits into a single complaint.").

Plaintiff's complaint is dismissed with leave to amend as directed below to permit

Plaintiff the opportunity to clarify his allegations and provide any additional information he

desires the Court to consider.

**Plaintiff's Motions for Status (Docs. 7, 8, 9, 10)**

Plaintiff's motions for status are granted. This Order addresses all pending issues.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Petition to Proceed in forma pauperis [2] is granted. Clerk is directed to enter the Court's standard text order assessing the initial partial filing fee.**

2) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

3) **Clerk is directed to send Plaintiff a blank complaint form.**

4) **Plaintiff's Motions [7][8][9][10] are denied.**

Entered this 9th day of April, 2026.


*s/Michael M. Mihm*

MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE
